1  LAW OFFICE OF DAVID E. GRANDE
   David E. Grande (State Bar No. 219946)
2  43533 Ridge Park Drive, Suite H
   Temecula, CA 92590
3  Telephone: (951) 294-9043; Facsimile: (951) 294-9045
    grandelaw@live.com
4
   LAW OFFICES OF SANFORD M. PASSMAN
5  Sanford M. Passman, Esq., SBN 77701
   6303 Wilshire Boulevard, Suite 207
6  Los Angeles, CA 90048
   Telephone:  (323) 852-1883; Facsimile (323) 852-1899
7  sandy@sandypassman.com

8  Attorneys for Richard A. Garza

9              UNITED STATES DISTRICT COURT

10         FOR THE CENTRAL DISTRICT OF CALIFORNIA

| 11 RICHARD A. GARZA, | ) | CASE NO:  5:14-cv-01304 R-AJW |
|---|---|---|
| 12          Plaintiff, | ) ) | SECOND AMENDED COMPLAINT FOR DAMAGES: |
| 13     vs. | ) ) | |
| 14 LOS ANGELES COUNTY; LOS ANGELES | ) | (1)  DEPRIVATION OF CIVIL RIGHTS - 42 U.S.C. § 1983; |
| COUNTY DISTRICT ATTORNEY'S OFFICE; | ) | |
| 15 JACKIE LACEY, individually; RICHARD D. | ) | (2)  DEPRIVATION OF CIVIL RIGHTS - 42 |
| DOYLE, individually; MICHAEL A. | ) | U.S.C. § 1983 (Failure To Train And/Or |
| 16 IGLECIAS, individually; MANUEL GARCIA, | ) | Supervise); AND |
| JR., individually; LAUREN N. GUBER, | ) | (3)  DEPRIVATION OF CIVIL RIGHTS - 42 |
| 17 individually; DEBORAH SCOTT, individually; | ) | U.S.C. § 1983 (Unlawful Policy And/Or |
| and DOES 1 through 10, inclusive, | ) | Custom) |
| 18 | ) | |
|          Defendants. | ) | JURY TRIAL DEMAND |
| 19 _____ | ) | |

20

21

22

23

24

25

26

27                              1

28  _____
    SECOND AMENDED COMPLAINT FOR DAMAGES

1       Plaintiff RICHARD A. GARZA, as and for his Second Amended Complaint against

2  Defendants COUNTY OF LOS ANGELES; LOS ANGELES COUNTY DISTRICT ATTORNEY'S

3  OFFICE and the following persons in their individual capacities: JACKIE LACEY, RICHARD D.

4  DOYLE, MICHAEL A. IGLECIAS, MANUEL GARCIA, JR., LAUREN N. GUBER, DEBORAH

5  SCOTT, and DOES 1 through 10, inclusive, alleges as follows:

6                   **PERSONAL JURISDICTION AND VENUE**

7       1.    This court has original jurisdiction of this action under 28 U.S.C. § 1331 in that the

8  claims herein arise under federal law (42 U.S.C. § 1983).

9       2.    The Central District of California is the proper venue for this action, as a substantial

10  part of the events and omissions giving rise to the claims herein occurred in Los Angeles County,

11  California, and all defendants are subject to personal jurisdiction in this district.

12                       **THE PARTIES**

13       3.    Plaintiff Richard A. Garza is an individual who, at all material times alleged herein,

14  was a resident of the State of California and resided within the jurisdiction of the State of California.

15       4.    Plaintiff is informed and believes and based thereon alleges that, at all material times

16  alleged herein, Defendant LOS ANGELES COUNTY ("the County") is a public governmental

17  entity, organized and existing pursuant to the laws of the State of California.

18       5.    Plaintiff is informed and believes and based thereon alleges that, at all material times

19  alleged herein, Defendant LOS ANGELES COUNTY DISTRICT ATTORNEY'S OFFICE (the

20  "DAO") is a public governmental entity, organized and existing pursuant to the laws of the State of

21  California and which employed Defendants Richard D. Doyle, Michael A. Iglecias, Manuel Garcia,

22  Jr., Lauren N. Guber, and Deborah Scott.

23       6.    Plaintiff is informed and believes and based thereon alleges that, at all material times

24  alleged herein, Defendant JACKIE LACEY (hereinafter "Lacey" and/or "District Attorney") was the

25  Los Angeles County District Attorney employed by the DAO and acting under color of state law.

26  District Attorney Lacey is sued in her individual capacity.

27                         2

28  _____

7.       Plaintiff is informed and believes and based thereon alleges that, at all material times alleged herein, Defendant RICHARD D. DOYLE ("HEAD DDA DOYLE") was a Head Deputy District Attorney employed by the DAO and acting under color of state law.  HEAD DDA DOYLE is sued in his individual capacity.

8.       Plaintiff is informed and believes and based thereon alleges that, at all material times alleged herein, Defendant MICHAEL A. IGLECIAS ("HEAD DDA IGLECIAS") was a Head Deputy District Attorney employed by the DAO and acting under color of state law.  HEAD DDA IGLECIAS is sued in his individual capacity.

9.       Plaintiff is informed and believes and based thereon alleges that, at all material times alleged herein, Defendant MANUEL GARCIA, JR. ("HEAD DDA GARCIA") was a Head Deputy District Attorney employed by the DAO and acting under color of state law.  HEAD DDA GARCIA is sued in his individual capacity.

10.      Plaintiff is informed and believes and based thereon alleges that, at all material times alleged herein, Defendant LAUREN N. GUBER ("DDA GUBER") was a Deputy District Attorney employed by the DAO and acting under color of state law.  DDA GUBER is sued in her individual capacity.

11.      Plaintiff is informed and believes and based thereon alleges that, at all material times alleged herein, Defendant DEBORAH SCOTT ("DDA SCOTT") was a Deputy District Attorney employed by the DAO and acting under color of state law.  DDA SCOTT is sued in her individual capacity.

12.      Plaintiff is informed and believes and based thereon alleges that, at all material times alleged herein, District Attorney Lacey was acting individually and within the course and scope of her position as District Attorney in and for the County of Los Angeles.

13.      Plaintiff is informed and believes and based thereon alleges that, at all material times alleged herein, HEAD DDA DOYLE, HEAD DDA IGLECIAS, HEAD DDA GARCIA, JR., DDA GUBER, and DDA SCOTT were acting individually and within the course and scope of their

3

SECOND AMENDED COMPLAINT FOR DAMAGES

position as Deputy District Attorney's for DAO.  Their duties included, but were not limited to, investigating and prosecuting crimes and assisting law enforcement officers in fairly and equitably carrying out the issuance of arrest warrants based only upon probable cause.  Plaintiff is informed and believes and based thereon alleges that, at all material times alleged herein, HEAD DDA DOYLE, HEAD DDA IGLECIAS, HEAD DDA GARCIA, JR., DDA GUBER, and DDA SCOTT were directly involved in causing the harms Plaintiff alleges in this Complaint.

14.     Plaintiff is informed and believes and based thereon alleges that, at all material times alleged herein, HEAD DDA DOYLE, HEAD DDA IGLECIAS, HEAD DDA GARCIA, JR., DDA GUBER, AND DDA SCOTT acted in their individual capacities and under color of state law and under the color of the authority conferred on each of them as Deputy District Attorney's for the DAO.

15.     The true names, identities, or capacities whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 10, inclusive, are unknown to the Plaintiff, who therefore sues said Defendants by such fictitious names.  When the true names, identities or capacities of such fictitiously designated Defendants are ascertained, Plaintiff will ask leave of this Court to amend this Complaint to insert said true names, identities, and capacities, together with the proper charging allegations.

16.     Plaintiff is informed and believes and based thereon alleges that, at all material times alleged herein, that each of the Defendants, including DOES 1 through 10, inclusive, were the authorized, actual and/or ostensible agents, and or servants or employees of the remaining defendants and in doing the things herein complained of were acting within the course and scope of their authority as agents, servants, representatives, co-conspirators, joint ventures, partners, alter egos, and/or employees and with the permission and consent of their co-Defendants, and that each Defendant ratified the acts of the other Defendants.  Plaintiff is informed and believes and based thereon alleges that, at all material times alleged herein, that each Defendant was the co-conspirator of each of the other said Defendants, and all of the Defendants acted jointly and in concert with each other, as co-conspirators, and were acting pursuant to the conspiracy.

4

SECOND AMENDED COMPLAINT FOR DAMAGES

## GENERAL ALLEGATIONS

### The Abuse Allegations

17.     Mr. Garza and Jessica Carlson have two young children together.  Ms. Carlson also has two children from a previous relationship, including Alyssa Doe.

18.     Around April 2011, Ms. Carlson and Mr. Garza were not living together.  Instead, Ms. Carlson and her children were living with her mother (and her mother's boyfriend).

19.     Around April 5, 2011, Mr. Garza's parents contacted the Los Angeles County Department of Children and Family Services ("DCFS") and expressed a concern about potential drug abuse (crystal meth) by Ms. Carlson and Mr. Garza.  Mr. Garza's parents informed DCFS that Ms. Carlson was abusing crystal meth heavy and that Ms. Carlson obtains the drugs from her mother (and her mother's boyfriend).

20.     On April 9, 2011 (when Alyssa Doe was 12 years old), Ms. Carlson informed Irwindale Police Officer John Fraijo that she suspected that Mr. Garza had inappropriately touched Alyssa Doe about 4-5 years earlier.  Ms. Carlson also reported that Alyssa first disclosed this information to her on April 4, 2011.

21.     Despite this information, Ms. Carlson permitted Mr. Garza to take their two youngest children to go with Mr. Garza on a weekend visit.

22.     On April 9, 2011, Mr. Garza was arrested.

23.     On April, 11, 2011, a DCFS case social worker ("CSW") conducted several interviews regarding the sexual abuse allegations.

24.     On April, 11, 2011, the CSW interviewed Alyssa Doe, who reported that Mr. Garza had touched her inappropriately about two years earlier.

25.     On April, 11, 2011, the CSW also interviewed Alyssa Doe's younger sister, who denied any inappropriate contact with Mr. Garza and denied knowledge of or witnessing any inappropriate contact between Mr. Garza and Alyssa Doe.

26.     On April, 11, 2011, the CSW also interviewed Alyssa Doe's father.  Alyssa Doe's

SECOND AMENDED COMPLAINT FOR DAMAGES

father stated that he was unaware of any molestation of his daughter by Mr. Garza and that he never noticed any changes in Alyssa Doe's behavior.

27.    On April, 11, 2011, the CSW also interviewed Ms. Carlson's mother, who reported that she was unaware of any sexual abuse concerning Alyssa Doe.

28.    On April, 11, 2011, Mr. Garza was released from custody due to a lack of evidence.

29.    On April 19, 2011, Officer Fraijo left a message with a DCFS CSW, stating that: (1) he had no contact with Alyssa Doe; (2) he referred the matter to DCFS to complete a follow-up assessment to determine if a crime was committed; (3) the DAO rejected the case at the present time; and (4) detectives and Deputy District Attorneys were still working on interviews and the investigation.

**The DAO Obtains Evidence That the Allegations Are Not Credible**

30.    On April 19, 2011, DDA Guber, as part of her investigation, sought to obtain records from the DCFS pertaining to Alyssa Doe, a minor.  To that end, DDA Guber executed a "Declaration in Support of Access to Juvenile Record."  The Declaration specifically states "Case No. pending - reviewing for filing charges."

31.    In response, the DCFS provided the DAO with 195 pages of documents pertaining to Alyssa Doe (the "Report").

32.    Plaintiff is informed and believes and based thereon alleges that the DAO has no records indicating when it actually received the Report.  Nevertheless, the DAO admits that DCFS typically provides the DAO with requested materials within three to six months of a request. Plaintiff is informed and believes and based thereon alleges that the DAO received the DCFS Report before September 19, 2011 (when the DAO filed criminal charges against Mr. Garza).

33.    The Report revealed that DCFS representatives had previously interviewed Alyssa Doe on numerous, separate occasions during 2009 - the same period in which the alleged molestation was believed to have taken place.  In each of these numerous, contemporaneous interviews, however, Alyssa Doe repeatedly stated that Mr. Garza never inappropriately touched her.

SECOND AMENDED COMPLAINT FOR DAMAGES

34.     The DCFS representatives conducted these interviews at several locations, including Alyssa Doe's residence and school.  Some interviews were conducted one-on-one.  Other interviews were conducted with others present.

35.     The Report contained significant information which flatly contradicted the later abuse allegations, including the following:

*     On March 31, 2009, a DCFS CSW interviewed Alyssa Doe in her bedroom.  At that time, Alyssa Doe denied any sexual abuse and denied anyone touching her private parts.

*     On April 8, 2009, a DCFS CSW interviewed Alyssa Doe in her bedroom.  At that time, Alyssa Doe denied having any problems or concerns to report.

*     On May 17, 2009 a DCFS CSW interviewed Alyssa Doe at her mother's home.  At that time, Alyssa reported that: (1) she felt safe with Mr. Garza and had no problem being left alone with him; (2) she was not abused in any manner by her mother or Mr. Garza; (3) Mr. Garza is a good father to her siblings (Mr. Garza's children); and (4) she had never seen Mr. Garza using drugs.

*     On May 18, 2009, a DCFS CSW interviewed Alyssa Doe privately in the principal's office at her school.  At that time, Alyssa Doe denied any sexual abuse.  Alyssa Doe also denied anyone ever touching her in her private parts or making her feel uncomfortable in any way.  Alyssa Doe also denied anyone touching the private parts of her siblings.

*     On November 5, 2009, a DCFS CSW met with Alyssa Doe at her school.  Alyssa Doe denied any physical, emotional or sexual abuse.

*     On November 23, 2009, a DCFS CSW met with Alyssa Doe at her mother's home.  At that time, Alyssa Doe stated that she was happy living with her mother and Mr. Garza and stated that Mr. Garza never hit her.

7

SECOND AMENDED COMPLAINT FOR DAMAGES

**Despite the Overwhelming Exculpatory Evidence, the DAO Files Charges**

36.     In September 2011, the DAO filed a Criminal Complaint against Mr. Garza.  The Complaint alleged, inter alia, that Mr. Garza molested Alyssa Doe on several occasions from April 2006 through February 2010.

37.     The Complaint also alleged that Mr. Garza molested his (now 28-year old) step-sister, Starla Doe, between August 1993 and August 1995.  (Upon learning of Alyssa's disclosures in April 2011, Starla Doe reported that Mr. Garza sexually molested her 15 to 20 years earlier.)

38.     As a result of the Criminal Complaint, Mr. Garza was incarcerated on September 15, 2011.  He remained incarcerated (without a trial) through May 20, 2013 - nearly two years.  All the while, the DAO had information obtained through its preliminary investigation which unequivocally demonstrated that the allegations concerning Alyssa Doe were baseless.

39.     At a preliminary hearing on January 10, 2012, Alyssa Doe testified that Mr. Garza molested her from around 2007 (when she was seven or eight years old) until 2010.  At the conclusion of the preliminary hearing, the Court concluded that there was sufficient evidence that Mr. Garza committed the offenses alleged.  The Court continued the bail at $1 million and Mr. Garza remained in custody.

40.     Although the DAO had the Report in its possession and although Mr. Garza was already incarcerated pending trial, the DAO failed to disclose the Report to the Court (or defense counsel) at the preliminary hearing.

41.     On April 20, 2012, Mr. Garza's counsel sent DDA Scott a letter regarding discovery issues.  Although the DAO had the Report in its possession and although Mr. Garza was already incarcerated pending trial, the DAO did not produce the Report to Mr. Garza's counsel in response to this request.

**The DAO Belatedly Reveals the Exculpatory DCFS Report**

42.     On January 25, 2013, the DAO - for the first time - provided Mr. Garza's defense counsel with a copy of the DCFS Report.

8

43.     As detailed above, the Report contained exculpatory evidence.  The evidence in the Report was favorable to Mr. Garza because Alyssa Doe's complete denial of any inappropriate conduct by Mr. Garza could have been used to impeach Alyssa Doe at the Preliminary Hearing.

44.     The evidence in the Report was also "material" to the issue of guilt or punishment because Starla Doe claims that Mr. Garza molested her from 1993 to 1995.  Without allegations pertaining to Alyssa Doe, no prosecution could occur with regard to Starla Doe, as the statute of limitations would have expired.  Alyssa Doe's newer allegations, however, allowed the prosecution to overcome the statute of limitations with respect to Starla Doe.

45.     At a trial readiness conference on January 28, 2013, Mr. Garza's counsel advised the Court that the DCFS Report contained exculpatory evidence.

**The Court Dismisses the Baseless Charges**

46.     On March 27, 2013, Mr. Garza filed a Motion to Dismiss.  On April 19, 2013, the trial court held a hearing and granted the Motion to Dismiss with respect to Alyssa Doe.  At that hearing, the Court specifically stated that given the "level of impeaching information" contained in the DCFS Report and the "absence of other corroborating information", the Court "couldn't make a holding order that, in fact, a crime had taken place such that [the Court] would have held [Mr. Garza] over on the charges at the time of the preliminary hearing."

47.     The Court further explained:  "[I]n the 16 years I've been on the bench, I have never seen such overwhelming impeaching information where a child victim of a sexual crime had denied the events were occurring at the time the events were occurring."

48.     The Court then granted the Motion to Dismiss with respect to Alyssa Doe, stating: "[T]he Court finds, again, that there's a material violation of Brady; that it was reasonably probable that the outcome of the Preliminary Hearing would have been different if the exculpatory evidence had been produced . . . ."

49.     On April 19, 2013 (and following the hearing on the initial Motion to Dismiss), Mr. Garza filed a Renewed Motion to Dismiss, seeking to dismiss the entire case.  At that point, only one

9

SECOND AMENDED COMPLAINT FOR DAMAGES

1   count (pertaining to Starla Doe) remained.

2         50.    On May 20, 2013, the trial court held a hearing on Mr. Garza's Renewed Motion to

3   Dismiss. At the hearing, the Court dismissed the sole remaining Count pertaining to Starla Doe and

4   dismissed the entire action. The Court ordered Mr. Garza released and bail exonerated.

5                   **The DAO and the Individual Prosecutors are Responsible**

6                        **For Their Improper Investigative Work**

7         51.    As a result of the Defendants' unlawful and improper investigation and failure to

8   review the DCFS Report, the DAO filed the Complaint against Mr. Garza, causing him to be

9   incarcerated for 617 days (from April 9 to 11, 2011 and from September 15, 2011 through May 20,

10   2013).

11        52.    Although the DAO obtained the exculpatory information contained in the DCFS

12   Report as early as July 2011 and although this information provided contemporaneous statements

13   from Alyssa Doe unequivocally denying any inappropriate conduct by Mr. Garza, the DAO

14   (including District Attorney Lacey, HEAD DDA DOYLE, HEAD DDA IGLECIAS, HEAD DDA

15   MANUEL GARCIA, JR., DDA GUBER, DDA SCOTT and DOES 1 through 10) simply ignored

16   this information and permitted the DAO to initiate baseless criminal proceedings against Mr. Garza.

17        53.    Plaintiff is informed and believes and based thereon alleges that DDA GUBER and

18   DDA SCOTT participated in the preliminary investigation of the allegations concerning Mr. Garza.

19        54.    Plaintiff is informed and believes and based thereon alleges that DDA GUBER and

20   DDA SCOTT and other members of the DAO, including District Attorney Lacey and Does 1 through

21   10 knew of the DCFS Report prior to the initiation of criminal proceedings and acted with reckless

22   and deliberate indifference to Mr. Garza's rights by failing to either review and reveal the contents of

23   the DCFS Report. Plaintiff is informed and believes and based thereon alleges that had DDA

24   GUBER and DDA SCOTT conducted a proper and lawful investigation, the DAO would not have

25   filed the Complaint against Mr. Garza and Mr. Garza would not have been incarcerated for nearly

26   two years.

27

28

SECOND AMENDED COMPLAINT FOR DAMAGES

55.     Plaintiff is informed and believes and based thereon alleges that District Attorney Lacey, HEAD DDA DOYLE, HEAD DDA IGLECIAS, HEAD DDA GARCIA, JR., were charged with supervising the activities of DDA GUBER, DDA SCOTT  and DOES 1 through 10 with respect to their preliminary investigation into Mr. Garza's alleged conduct.  Plaintiff is informed and believes and based thereon alleges that The County, District Attorney Lacey, HEAD DDA DOYLE, HEAD DDA IGLECIAS, HEAD DDA GARCIA, JR., acted with reckless and deliberate indifference to Mr. Garza's rights by failing to properly monitor and supervise the activities of DDA GUBER and DDA SCOTT and DOES 1 through 10 such that DDA GUBER, DDA SCOTT and DOES 1 through 10 never reviewed and/or revealed the DCFS Report.

56.     Plaintiff is informed and believes and based thereon alleges that District Attorney Lacey, HEAD DDA DOYLE, HEAD DDA IGLECIAS, HEAD DDA GARCIA, JR., and DOES 1 through 10 knew or should have known of the DCFS Report prior to the initiation of criminal proceedings and acted with reckless and deliberate indifference to Mr. Garza's rights by failing to review and reveal the contents of the DCFS Report and/or by failing to instruct DDA GUBER, DDA SCOTT and DOES 1 through 10 to review and reveal the contents of the DCFS Report.

**FIRST CAUSE OF ACTION**

DEPRIVATION OF CIVIL RIGHTS - 42 U.S.C. § 1983

(As to all Defendants)

57.     Plaintiff refers to and incorporates by reference paragraphs 1 through 56 of the Complaint, set forth above, as though fully set forth herein.

58.     Defendants and each of them, while acting under color of law, intentionally acted to deprive Mr. Garza of his civil rights by failing to review and reveal the DCFS Report containing exculpatory evidence.

59.     Defendants and each of them, engaged in the actions set forth above with reckless and deliberate indifference to either Mr. Garza's rights and/or to the truth of the allegations against him.

60.     Defendants and each of them, were jointly and severally responsible to conduct a

11

lawful and proper investigation and to reveal the exculpatory information contained in the DCFS Report.  Defendants and each of them, engaged in, knew or should have known of the unconstitutional conduct alleged herein and failed to prevent it, which each had a responsibility to do, and each ratified, approved or acquiesced in it.

61.     Defendants' conduct was not integral to the judicial process.  Rather the conduct which took place before the Complaint was filed was akin to police work.  At that time, Defendants were engaged in the preliminary gathering of evidence that could have ripened into a potential prosecution.

62.     Defendant attorneys were acting as police officers by investigating the allegations concerning Mr. Garza, a function best left to the police agency or agencies within whose jurisdiction the matter was filed.

63.     By engaging in the aforementioned conduct, each of the defendant attorneys caused Mr. Garza to be subjected to a constitutional deprivation by setting in motion a series of acts by others which Defendants knew, or reasonably should have known, would cause others to inflict a constitutional injury upon Mr. Garza.  This conduct was ratified by the DAO and the County.

64.     In doing the things alleged herein, Defendants violated Plaintiff's clearly established rights, privileges and immunities secured by the United States Constitution and by Federal law and guaranteed by the Fourteenth Amendment to the United States Constitution.

65.     As a result of Defendants' conduct, Mr. Garza suffered a violation of  his constitutional rights and the attendant harm.

66.     In doing the things alleged herein, Defendants, collectively and individually, acted willfully, intentionally, and with reckless and deliberate indifference to Plaintiff's constitutional and civil rights in violation of the law.  By reason of the nature of Defendants' conduct, Plaintiff seeks exemplary and punitive damages against each of the individual Defendants, according to proof.

67.     As a direct and proximate cause of the conduct of Defendants, and each of them, Mr. Garza suffered damages and will incur attorneys' fees in the prosecution of this action.  Accordingly,

SECOND AMENDED COMPLAINT FOR DAMAGES

1    Plaintiff seeks an award of attorneys' fees pursuant to, but not limited to 42 U.S.C. § 1988.

2                            **SECOND CAUSE OF ACTION**

3                    DEPRIVATION OF CIVIL RIGHTS - 42 U.S.C. § 1983

4                            (Failure to Train and/or Supervise)

5    (As to Defendants District Attorney Lacey, DAO, HEAD DDA DOYLE, HEAD DDA IGLECIAS,

6                    HEAD DDA GARCIA, JR., and Does 1-10, Inclusive)

7            68.    Plaintiff refers to and incorporates by reference paragraphs 1 through 56 and 58

8    through 67 of the Complaint, set forth above, as though fully set forth herein.

9            69.    Plaintiff is informed and believes and based thereon alleges that District Attorney

10   Lacey, DAO, HEAD DDA DOYLE, HEAD DDA IGLECIAS, HEAD DDA GARCIA, JR. and

11   DOES 1 through 10, failed to properly train and/or supervise its prosecutors with respect to the

12   acquisition and disclosure of evidence by prosecutors conducting preliminary investigations before

13   individuals are charged with formal criminal complaints.

14           70.    Plaintiff is informed and believes and based thereon alleges that District Attorney

15   Lacey, DAO, HEAD DDA DOYLE, HEAD DDA IGLECIAS, HEAD DDA GARCIA, JR. and

16   DOES 1 through 10 knew. or should have known, and/or had actual and/or constructive notice that

17   this omission in the DAO's training program caused prosecutors to violate citizens' constitutional

18   rights.

19           71.    Plaintiff is informed and believes and based thereon alleges that District Attorney

20   Lacey, DAO, HEAD DDA DOYLE, HEAD DDA IGLECIAS, HEAD DDA GARCIA, JR. and

21   DOES 1 through 10's failure to train and/or supervise its prosecutors in this regard amounts to a

22   deliberate indifference to the rights of persons with whom the prosecutors come into contact,

23   including Mr. Garza.   District Attorney Lacey, DAO, HEAD DDA DOYLE, HEAD DDA

24   IGLECIAS, HEAD DDA GARCIA, JR. and DOES 1 through 10 exhibited reckless and deliberate

25   indifference to the need for training and/or supervising prosecutors regarding the acquisition and

26   disclosure of evidence by prosecutors conducting preliminary investigations before individuals are

27                                          13

28   _____
                    SECOND AMENDED COMPLAINT FOR DAMAGES

1  charged with formal criminal complaints.

2         72.    Plaintiff is informed and believes and based thereon alleges that District Attorney

3  Lacey, DAO, HEAD DDA DOYLE, HEAD DDA IGLECIAS, HEAD DDA GARCIA, JR. and

4  DOES 1 through 10 disregarded a known or obvious consequence of its failure to train and/or

5  supervise its prosecutors concerning the acquisition and disclosure of evidence by prosecutors

6  conducting preliminary investigations before individuals are charged with formal criminal

7  complaints.  The obvious consequence of District Attorney Lacey, DAO, HEAD DDA DOYLE,

8  HEAD DDA IGLECIAS, HEAD DDA GARCIA, JR. and DOES 1 through 10's failure to train was

9  that persons (including Mr. Garza) would be subject to unlawful incarceration in violation of their

10  constitutional rights.  In short, there was a strong likelihood that constitutional rights would be

11  violated as a result of  District Attorney Lacey, DAO, HEAD DDA DOYLE, HEAD DDA

12  IGLECIAS, HEAD DDA GARCIA, JR. and DOES 1 through 10's failure to train and/or supervise its

13  prosecutors in the areas where such training and/or supervision was obvious.

14         73.    Plaintiff is informed and believes and based thereon alleges that as a direct and

15  proximate result of  District Attorney Lacey, DAO, HEAD DDA DOYLE, HEAD DDA IGLECIAS,

16  HEAD DDA GARCIA, JR. and DOES 1 through 10's failure to train and/or supervise its

17  prosecutors, Mr. Garza was harmed and suffered a deprivation of his constitutional rights.

18         74.    As a direct and proximate cause of the conduct of these defendants, and each of them,

19  Plaintiff suffered damages and will incur attorneys' fees in the prosecution of this action.

20  Accordingly, Plaintiff seeks an award of attorneys' fees pursuant to, but not limited to 42 U.S.C. §

21  1988.

22                      **THIRD CAUSE OF ACTION**

23               DEPRIVATION OF CIVIL RIGHTS - 42 U.S.C. § 1983

24                  (Unlawful Policy and/or Custom)

25               (As To DAO and Does 1-10, Inclusive)

26         75.    Plaintiff refers to and incorporates by reference paragraphs 1 through 56, 58 through

27                          14

28

1 | 67 and 69 through 74 of the Complaint, set forth above, as though fully set forth herein.

2 |      76.    Plaintiff is informed and believes and based thereon alleges that, the DAO, acting

3 | through District Attorney Lacey, adopted and implemented internal policies and procedures relating

4 | to the acquisition and/or suppression of evidence by prosecutors conducting preliminary

5 | investigations before individuals are charged with formal criminal complaints.

6 |      77.    Plaintiff is informed and believes and based thereon alleges that, by adopting and

7 | implementing such internal policies and procedures, the DAO, acting through District Attorney

8 | Lacey, acted as a local policymaker.

9 |      78.    Plaintiff is informed and believes and based thereon alleges that the DAO, acting

10 | through District Attorney Lacey, engaged in conduct related to the administrative oversight of

11 | systems used to help prosecutors comply with their constitutional duties concerning the acquisition

12 | and/or suppression of evidence by prosecutors.

13 |      79.    Plaintiff is informed and believes and based thereon alleges that the DAO, acting

14 | through District Attorney Lacey, had final policymaking authority concerning the acquisition and/or

15 | suppression of evidence by prosecutors conducting preliminary investigations before individuals are

16 | charged with formal criminal complaints.

17 |      80.    Plaintiff is informed and believes and based thereon alleges that as a result of this

18 | formal policy, DAO, acting through District Attorney Lacey, prohibited deputy district attorneys

19 | from complying with their constitutional and statutory obligations to disclose exculpatory evidence.

20 |      81.    Plaintiff is informed and believes and based thereon alleges that District Attorney

21 | Lacey, HEAD DDA DOYLE, HEAD DDA IGLECIAS, HEAD DDA GARCIA, JR., DDA GUBER,

22 | AND DDA SCOTT, and each of them, acted pursuant to these policies and procedures (or pursuant

23 | to the DAO's longstanding practice or custom) when conducting their preliminary investigation

24 | concerning the allegations against Plaintiff.

25 |      82.    Plaintiff is informed and believes and based thereon alleges that as a direct and

26 | proximate result of the DAO's policies and procedures (or pursuant to the DAO's longstanding

27 |

28 |

SECOND AMENDED COMPLAINT FOR DAMAGES

practice or custom), District Attorney Lacey, HEAD DDA DOYLE, HEAD DDA IGLECIAS, HEAD DDA GARCIA, JR., DDA GUBER, AND DDA SCOTT, engaged in the conduct set forth above, causing Plaintiff to suffer harm and a deprivation of his constitutional rights.

83.     As a direct and proximate cause of the conduct of Defendants, and each of them, Plaintiff suffered damages and will incur attorneys' fees in the prosecution of this action. Accordingly, Plaintiff seeks an award of attorneys' fees pursuant to, but not limited to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff  RICHARD A. GARZA prays for relief as follows:

1.     General and compensatory damages;

2.     Special damages;

3.     Punitive damages (against the individual defendants only);

4.     For attorney fees and expenses under 42 U.S.C. § 1988;

5.     Costs of suit; and

6.     Such other and further relief as the Court deems just and proper.

LAW OFFICES OF SANFORD M. PASSMAN

/S/ Sanford M. Passman
DATED:  October 9, 2014          By:_____
Sanford M. Passman, Attorney for Richard A. Garza

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by Jury.

LAW OFFICES OF SANFORD M. PASSMAN

/S/ Sanford M. Passman
DATED:  October 9, 2014          By:_____
Sanford M. Passman, Attorney for Richard A. Garza

16

SECOND AMENDED COMPLAINT FOR DAMAGES